**ROSS v. DELAWARE & HUDSON R. CO.**

No. 104, Docket 21816.

United States Court of Appeals Second Circuit.

Argued March 14, 1951.

Decided April 3, 1951.

McElroy, Young, Mahley & Dunn, Syracuse, N. Y., Gordon H. Mahley, J. Murray Dunn, Syracuse, N. Y., argued, for appellant.

Joseph Rosch, Albany, N. Y., Thomas S. Kernan, Utica, N. Y., argued, Kernan & Kernan, Utica, N. Y., of counsel, for appellee.

Before SWAN, CHASE and FRANK, Circuit Judges.

PER CURIAM.

This is an action by a brakeman employed by the defendant to recover for personal injuries. He fell from a freight car when engaged in a switching operation and claims that his fall was caused by a defective hand brake, which suddenly spun while his right had was resting on the brake wheel, his left hand was grasping a grab iron and his right foot was on the brake step. The jury returned a verdict for the defendant. Errors in the trial court's charge are the only grounds urged for reversal of the judgment.

The court's charge made it plain that the railroad was duty bound to furnish a car with an efficient hand brake and would be liable if a defective brake was the producing cause of the plaintiff's fall. At the conclusion of the charge counsel for the defendant requested an instruction that if at the time of the accident the brake was efficient, then there can be no recovery regardless of any negligence on the part of any employee of the defendant. This was given. The same counsel then requested the court to charge that if the brake was released at the time of the accident and was at that time an efficient brake, the plaintiff cannot recover if the releasing of the brake was done by him. The judge said he would charge it in substance, and instructed the jury: "If the plaintiff released the brake through his action, intentionally or unintentionally, he may not recover." Counsel for the plaintiff took an exception, and now contends that the jury must have understood the instruction to mean that even if the brake were defective, the contributory actions of the plaintiff would defeat his recovery. We agree that the

100

instruction was erroneous unless it would be understood by the jury to incorporate the qualification "if the brake was efficient." But we cannot doubt that it would be so understood. Not only the context of the request, but also the court's final words to the jury, which immediately followed the challenged instruction, make that plain.[1]

It is also urged that the charge failed to explain the effect of contributory negligence in cases involving violation of the Safety Appliance Acts, 45 U.S.C.A. §§ 1–46. At the plaintiff's request the court gave a charge on this subject and no exception was taken nor any request made to amplify it. We think it adequate. Nor do we discover merit in the claim that the court's comments on the evidence were misleading and confusing to the jury.

Judgment affirmed.

[1] The final words were: "Ladies and gentlemen, I am afraid we are getting away from what I told you was the final crux of this case. The question is, is the brake defective? That is the question. If it was, that is one thing. If it wasn't, that is another."